1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  ASHLEY WAHL,

11                                  Plaintiff,

         v.

12

13  THE BOEING COMPANY, et al.,

14                                  Defendants.

CASE NO. C20-0467JLR

ORDER GRANTING
PLAINTIFF'S MOTION TO
REMAND

15                    **I.    INTRODUCTION**

16         Before the court is Plaintiff Ashley Wahl's motion to remand this case to King

17  County Superior Court.  (Mot. (Dkt. # 24).)  Defendant the Boeing Company ("Boeing")

18  opposes the motion.  (Resp. (Dkt. # 28).)  The court has considered the motion, the

19  parties' submissions in support of and in opposition to the motion, and the applicable law.

20  //

21  //

22  //

1  Being fully advised,[1] the court GRANTS Ms. Wahl's motion to remand this case to King

2  County Superior Court.

## II.   BACKGROUND

**A.   Factual Background**

Ms. Wahl's father, David Wahl, worked at Boeing's aircraft manufacturing

facility (the "Boeing Facility") between 1989 and 1990.  (KCSC FAC (Dkt. # 1-4)

(sealed) ¶ 12.)  Ms. Wahl alleges that Mr. Wahl "was exposed via inhalation and/or

dermal contact to chemical products and substances that were utilized in the performance

of his duties" at the Boeing Facility.  (*Id.* ¶ 14.)  Ms. Wahl further alleges that she

suffered birth defects as a result of Mr. Wahl's exposure to these chemicals.  (*Id.*

¶¶ 71-72.)  Ms. Wahl further alleges that Defendant Newco, Inc. ("Newco")[2] supplied

Boeing with chemicals to which Mr. Wahl was exposed and which ultimately caused Ms.

Wahl's injuries.  (*Id.* ¶ 1.)  Based on these allegations, Ms. Wahl brings claims for

//

---

[1] Ms. Wahl requests oral argument (*see* Mot. at 1), but Boeing does not (*see* Resp. at 1). Oral argument is not necessary where the non-moving party suffers no prejudice.  *See Houston v. Bryan*, 725 F.2d 516, 517-18 (9th Cir. 1984); *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (holding that no oral argument was warranted where "[b]oth parties provided the district court with complete memoranda of the law and evidence in support of their respective positions," and "[t]he only prejudice [the defendants] contend they suffered was the district court's adverse ruling on the motion.").  "When a party has an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in refusing to grant oral argument]."  *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (quoting *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991)) (alterations in *Partridge*).  Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court.  *See* Local Rules W.D. Wash. LCR 7(b)(4).  Accordingly, the court DENIES Ms. Wahl's request for oral argument.

[2] Newco does business as Cascade Columbia Distribution Company ("Cascade").  (*See* Dkt.)

negligence and products liability against Boeing; and for negligence and breach of warranty against Newco.  (*See id.* ¶¶ 27-107.)

Ms. Wahl alleges that she "is an incapacitated adult who suffers from Agenesis of the Corpus Callosum, vision problems, and developmental delay."  (*Id.* ¶ 10.)  Ms. Wahl contends that she is incompetent or disabled to such a degree that she cannot understand the nature of these proceedings.  (*Id.* ¶ 11.)

**B.      Procedural Background**

This district is the third forum in the life of this case.  Ms. Wahl initially filed a complaint against Boeing in Cook County Circuit Court in the Illinois state court system.  (*See* Ill. Compl. (Dkt. # 1-5) (sealed).)  The Cook County Circuit Court consolidated Ms. Wahl's case with three related cases (collectively, the "Illinois Case").  (*See* Ill. FNC Order (Dkt. # 1-8) (sealed) at 1.)

Ms. Wahl did not name Newco as a defendant in her initial or amended complaints in the Illinois Case.  (*See* Ill. Compl. at 1; Ill. FAC (Dkt. # 1-6) (sealed) at 1; Ill. SAC (Dkt. # 1-7) (sealed) at 1.)  On July 1, 2019, after limited discovery on statute of limitations and *forum non conveniens* ("FNC") issues, Boeing filed a motion to dismiss and transfer the Illinois Case on FNC grounds.  (*See* Ill. FNC Order at 2-3.)  After considering the applicable private and public interest factors, the Cook County Circuit Court concluded that the factors "strongly favor the transfer of [the Illinois Case] to the Washington Superior Court," granted Boeing's motion, dismissed the Illinois Case, and held:

//

1
2
3

> Pursuant to Rule 187, if the plaintiffs re-file their cases in the Washington
> Superior Court within six months, Boeing shall: (a) accept service of process
> from the relevant court in which each case is re-filed; and (b) waive any
> argument based on a statute of limitations defense.

(*Id.* at 28-29.)

4
5
6
7
8
9
10
11
12

Ms. Wahl filed a complaint in King County Superior Court on February 24, 2020, naming both Boeing and Newco as defendants. (*See* KCSC Compl. (Dkt. # 1-3) (sealed) at 2.) Ms. Wahl's Washington complaint alleges that Newco is a Washington corporation with its principal place of business in Seattle, Washington. (*Id.* ¶ 4.) Ms. Wahl amended her complaint on March 26, 2020. (*See* KCSC FAC at 26.) Boeing then removed to this district on March 27, 2020. (*See* Not. of Removal (Dkt. # 1) at 10.) In its notice of removal, Boeing contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Newco—the only non-diverse defendant—is fraudulently joined. (*See id.* at 4-8.)

13
14

Ms. Wahl filed her motion to remand this case to King County Superior Court on April 27, 2020. (*See* Mot. at 21.) The court now considers Ms. Wahl's motion.

15

### III.    ANALYSIS

16
17
18
19
20
21
22

In support of her motion to remand, Ms. Wahl contends that (1) Boeing is judicially estopped from removing this case (*see id.* at 6-7); and (2) even if Boeing is not estopped, this court lacks diversity jurisdiction because Ms. Wahl and Newco are both Washington citizens, and Newco is not fraudulently joined (*see id.* at 7-20). In response, Boeing argues that (1) Boeing is not judicially estopped from removing this case (*see* Resp. at 8-9); and (2) Newco is fraudulently joined because (a) Ms. Wahl's

claims against Newco are time-barred (*see id.* at 10-16); and (b) Ms. Wahl does not plead any actionable claims against Newco (*see id.* at 16-20). The court sets forth the applicable legal standards before analyzing Ms. Wahl's motion.

**A.    Legal Standards**

    1.   Removal and Remand

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the state court action. *See* 28 U.S.C. § 1441(a). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) (quoting 28 U.S.C. § 1447(c)). District courts have original jurisdiction over an action with both complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00. *See* 28 U.S.C. § 1332(a); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the defendant has the burden of establishing that removal is proper. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Although Boeing has the burden of establishing the grounds for federal jurisdiction, the court is also obliged to satisfy itself that it has subject matter jurisdiction. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).

*//*

1        2.  <u>Fraudulent Joinder</u>

2        Fraudulent joinder is an exception to the requirement of complete diversity.  *See*

3  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Joinder of a

4  non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit

5  is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of

6  action against a resident defendant, and the failure is obvious according to the settled

7  rules of the state.'"  *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339

8  (9th Cir. 1987)) (internal alteration in *McCabe*).  There is a general presumption against

9  finding fraudulent joinder, and defendants bear a "heavy burden" to establish it.

10  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548-49 (9th Cir. 2018).

11  Fraudulent joinder must be proved by clear and convincing evidence.  *See Hamilton*

12  *Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

13        A defendant may establish fraudulent joinder in one of two ways:  "(1) actual

14  fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

15  cause of action against the non-diverse party in state court."  *Grancare, LLC*, 889 F.3d at

16  548-49 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  A

17  defendant succeeds in the second method if the defendant "shows that an 'individual[]

18  joined in the action cannot be liable on any theory.'"  *Id.* (quoting *Ritchey v. Upjohn*

19  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  However, "if there is a *possibility* that a

20  state court would find that the complaint states a cause of action against any of the

21  resident defendants, the federal court must find that the joinder was proper and remand

22  the case to the state court."  *Id.* (quoting *Hunter*, 582 F.3d at 1046)).

ORDER - 6

1    The tests for fraudulent joinder and for failure to state a claim under Rule 12(b)(6)

2    are not equivalent. *Id.* at 549. "A claim against a defendant may fail under Rule

3    12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.*  Indeed,

4    the fraudulent joinder standard "is similar to the 'wholly insubstantial and frivolous'

5    standard for dismissing claims under Rule 12(b)(1) for lack of federal question

6    jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  The stringent

7    standard for fraudulent joinder comports with the presumption against removal

8    jurisdiction, under which federal courts "strictly construe the removal statute," and reject

9    federal jurisdiction "if there is any doubt as to the right of removal in the first instance."

10   *Id.* at 550 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

11       3.  Judicial Estoppel

12       Judicial estoppel is an "equitable doctrine invoked by a court at its discretion."

13   *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d

14   1033, 1037 (9th Cir. 1990)) (internal quotation marks omitted).  Courts invoke judicial

15   estoppel "to prevent a party from gaining an advantage by taking inconsistent positions"

16   and to "protect against a litigant playing fast and loose with the courts."  *Hamilton v.*

17   *State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *Russell*, 893

18   F.2d at 1037) (internal quotations omitted).  The Ninth Circuit "restrict[s] the application

19   of judicial estoppel to cases where the court relie[s] on, or 'accept[s],' the party's

20   previous inconsistent position."  *See Hamilton*, 270 F.3d at 783; *see also Interstate Fire*

21   *& Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998), *as*

22   *amended* (May 13, 1998) ("A majority of courts apply judicial estoppel only if the court

1  has relied on the party's previously inconsistent statement, and we have recently adopted

2  that rule.").

3       The court considers three non-exclusive factors in determining whether to apply

4  the doctrine:  (1) whether the party's later position is "clearly inconsistent" with its earlier

5  position; (2) whether the party succeeded in persuading a court to accept the earlier

6  position and the court's acceptance of the later position would lead to the perception that

7  the party misled either court; and (3) whether "the party seeking to assert an inconsistent

8  position would derive an unfair advantage or impose an unfair detriment on the opposing

9  party if not estopped."  *See New Hampshire*, 532 U.S. at 750-51 (citations omitted).

10  **B.    Ms. Wahl's Motion to Remand**

11       The court first addresses Ms. Wahl's argument that Boeing is estopped from

12  removing this case before turning to Boeing's argument that jurisdiction is proper

13  because Newco is fraudulently joined.

14       1.  Judicial Estoppel – Removal

15       Ms. Wahl argues that Boeing is judicially estopped from removing this case in the

16  first instance—regardless of the court's subject matter jurisdiction—on account of certain

17  positions Boeing took in the Illinois Case.  (*See* Mot. at 6-7.)  Specifically, Ms. Wahl

18  contends that Boeing secured a FNC-based dismissal in the Illinois circuit courts by

19  specifically relying on the comparison between the Illinois circuit courts and the

20  Washington superior courts.  (*See id.* at 6 ("In moving for a *forum non conveniens*

21  dismissal in Illinois, Boeing quite clearly intended the state court there to believe that the

22  proposed alternative forum was Washington superior court.").)  Ms. Wahl argues that

1    Boeing invited the Cook County Circuit Court to compare court congestion between

2    Illinois and Washington state courts, and that the Cook County Circuit Court's dismissal

3    of the Illinois Case was based in part on that comparison.  (*See id.* at 6-7.)  Ms. Wahl

4    further contends that the Cook County Circuit Court would not have ordered FNC-based

5    dismissal had it compared congestion in Illinois state courts to the United States District

6    Court for the Western District of Washington, in which "[f]ive of the district's seven

7    authorized judgeships are vacant, and every vacancy is a judicial emergency."  (*Id.* at 6.)

8    Ms. Wahl contends that Boeing made "affirmative use of the processes of a state court"

9    to obtain a tactical advantage and should not now be allowed to "change its position, once

10   it is safely out of the original forum."  (*Id.* at 7.)

11        Boeing relies primarily on *Kidwell v. Maybach International Group*, No.

12   2:19-cv-149, 2020 WL 897609 (E.D. Ky. Feb. 24, 2020), to counter Ms. Wahl's judicial

13   estoppel argument.  (*See* Resp. at 8.)  In *Kidwell*, the plaintiff moved to remand a

14   removed case to state court on the ground that the defendants "made explicit

15   representations to the Illinois court that they planned to litigate the suit in the state courts

16   of Kentucky," "base[d] . . . mostly on [the defendants] noting that Boone County Courts

17   heard fewer cases and had a faster resolution time."  *Kidwell*, 2020 WL 897609 at *1.

18   The Eastern District of Kentucky held that although the defendants had referenced the

19   Boone County, Kentucky docket, "they never clearly and unequivocally stated that they

20   intended to waive their right to remove or litigate the case to a resolution in Kentucky

21   state courts."  *Id.*  Boeing contends that *Kidwell* directly applies to this case because like

22   the defendants in *Kidwell*, Boeing "made no representations at all about its legal strategy

1   in the event Ms. Wahl refiled in Washington." (Resp. at 8.) Boeing further counters Ms.

2   Wahl's argument that Boeing made affirmative use of the processes of a state court by

3   arguing that (1) contrary to submitting to the Cook County Circuit Court's jurisdiction,

4   Boeing's "use" of the Illinois state court system was not a submission to that court's

5   jurisdiction, but rather an attempt to obtain dismissal of the case from that jurisdiction;

6   and (2) Boeing did not make affirmative use of the King County Superior Court because

7   it removed this case within 30 days of service, before answering or otherwise responding

8   to the complaint. (*See id.* at 9.) Finally, Boeing contends that the Cook County Circuit

9   Court found the issue of court congestion to be "neutral," indicating that it was not a

10  major factor in the Cook County Circuit Court's FNC-based dismissal. (*See id.*)

11      In reply, Ms. Wahl faults Boeing's reliance on *Kidwell*, contending that *Kidwell*

12  addressed the issue of waiver, not judicial estoppel. (*See* Reply (Dkt. # 30) at 1-3.) Ms.

13  Wahl further contends that Boeing did make affirmative use of the Illinois state court

14  system because:

15          during the 21 months before it was dismissed, Boeing successfully moved to
            dismiss [Ms. Wahl's] negligence claim for failure to adequately plead
16          causation (although the court allowed plaintiff to replead), obtained
            discovery on statute of limitations issues, and filed two separate motions to
17          dismiss on statute of limitations grounds, though both were denied without
            prejudice.
18
    (*Id.* at 3.) Finally, Ms. Wahl contends that the Cook County Circuit Court relied heavily
19
    on Boeing's argument that the case should be transferred not just to Washington but to a
20
    specific forum—Washington superior courts—in granting FNC-based dismissal. (*See id.*
21
    at 4-6 (noting that the Cook County Circuit Court's order mentions "Washington
22

Superior Court" 11 times).)  In sum, Ms. Wahl argues that having relied on comparing the Illinois state courts to the Washington state courts, and the Cook County Circuit Court having applied the FNC analysis based on that direct comparison, Boeing should be judicially estopped from now removing from the Washington state courts to federal court.  (*See id.* at 4-6.)

Having set forth the parties' positions, the court analyzes whether Boeing is estopped from removing this case to federal court by applying the three judicial estoppel factors:  (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position and the court's acceptance of the later position would lead to the perception that the party misled either court; and (3) whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *See New Hampshire*, 532 U.S. at 750-51 (citations omitted).

a.  *Whether Boeing's Later Position is "Clearly Inconsistent" with its Earlier Position*

The first factor weighs against invoking judicial estoppel.  Courts generally require that for a position to be "clearly inconsistent," the party must have actually taken a particular position in the first place.  Nowhere in the Illinois state court documents filed with this court does Boeing represent that it will not remove a later-filed case to federal court.  Although Boeing cited statistics regarding docket congestion in Washington Superior Courts, it never agreed that it would not remove if Ms. Wahl re-filed in

//

1    Washington state court.  Therefore, Boeing's current position—that it may remove this

2    case—is not "clearly inconsistent" with a previous position it took.

3         Ms. Wahl is correct that a party may invoke judicial estoppel to secure a remand in

4    a removed case in some instances.  However, the authority Ms. Wahl relies on for that

5    position here undermines her argument.  For example, in *Iglesias v. Welch Foods Inc.*,

6    No. 17-CV-00219-TEH, 2017 WL 1227393, at *2 (N.D. Cal. Apr. 4, 2017), the

7    defendants previously took the position that the plaintiffs lacked Article III standing.

8    Defendants then removed the case to federal court, despite acknowledging that the

9    plaintiffs must have Article III standing to remove a case to federal court.  *Id.*  In contrast

10   to the defendants in *Iglesias*, here Boeing took no position on removal or this court's

11   jurisdiction in the Illinois Case.

12        *b.   Whether the Court's Acceptance of Boeing's Later Position Would Lead to
              the Perception that the Party Misled Either Court*

13        The second factor also weighs against invoking judicial estoppel.  Boeing

14   argued the issue of court congestion to the Cook County Circuit Court, which at least

15   implied that FNC-based dismissal was warranted because Washington state courts are

16   less congested than Illinois state courts.  (*See* Ill. FNC Order at 26-28.)  Boeing's position

17   at least implies that Boeing intended to defend the case in the Washington state court

18   system, not in the heavily congested Western District of Washington.  However, Ms.

19   Wahl overstates the importance of this argument to the Cook County Circuit Court's

20   decision to dismiss the Illinois Case.   The Cook County Circuit Court ultimately found

21   that the congestion factor was "neutral."  (*See id.* at 28.)  The Cook County Circuit Court

22

based its ruling on the other public and private interest factors.  (*See id.* at 10-28.)

Several of those factors depend solely on geographic location, making it immaterial

whether the case is ultimately litigated in Washington state court or Washington federal

court.  (*See, e.g.*, *id.* at 12 (analyzing the "convenience of the parties" factor and

concluding that "each plaintiff lives either in King or Snohomish Counties, Washington;

none has ever lived in Illinois"; and holding that it is "obvious" that it is inconvenient for

the case to proceed in Chicago); *id.* at 15-18 (holding that the "relative ease of access to

evidence factor . . . strongly favors Washington").)  Therefore, the Cook County Circuit

Court's FNC-based dismissal order strongly suggests that it was not misled by Boeing's

congestion-based arguments; or if it was, it had no effect on the court's decision to

dismiss the Illinois Case.

> c.  *Whether Boeing Would Derive an Unfair Advantage or Impose an Unfair
> Detriment if Not Estopped*

The third judicial estoppel factor asks whether the party asserting an inconsistent

position would receive an "unfair advantage or impose an unfair detriment on the

opposing party if not estopped."  *See New Hampshire*, 532 U.S. at 751 (citations

omitted).  Ms. Wahl does not explain how Boeing would derive an unfair advantage by

removing this case.  (*See generally* Mot.)  At most, Ms. Wahl states in conclusory fashion

that Boeing "obtained a significant tactical advantage" by litigating this case in

Washington instead of in Illinois.  (*See id.* at 7.)  However, Ms. Wahl does not contend

that she will lose any substantive rights to pursue her claims if this case proceeds in

federal rather than state court, fails to explain the "significant tactical advantage" Boeing

1   will gain by litigating in federal court, and fails to explain how any such advantage would

2   be "unfair." (*See generally id.*)  Accordingly, the court concludes that this factor weighs

3   against invoking judicial estoppel.

4              *d. Judicial Estoppel Conclusion*

5         In sum, the three judicial estoppel factors weigh against invoking judicial estoppel.

6   Therefore, the court declines to exercise its discretion to invoke judicial estoppel to

7   preclude Boeing from removing this case.  *See New Hampshire*, 532 U.S. at 750.

8         2.  Fraudulent Joinder

9         Although Ms. Wahl is the moving party on her motion to remand, Boeing is the

10  party seeking to invoke the court's subject matter jurisdiction.  (*See* Not. of Removal at 2,

11  4-9.)  Therefore, Boeing bears the burden to establish that Newco is fraudulently joined.

12  *See Kroske*, 432 F.3d at 980; *Grancare, LLC*, 889 F.3d at 548-49.  Boeing makes two

13  primary arguments in favor of a fraudulent joinder finding:  (1) That Ms. Wahl has no

14  viable claim against Newco because the statute of limitations bars any such claim (*see*

15  Resp. at 10-16); and (2) That Ms. Wahl does not plead an actionable claim against

16  Newco because Ms. Wahl's complaint "does not even attempt to specifically identify

17  which workplace chemicals" Mr. Wahl "might have encountered," does not plead that

18  Newco supplied any particular chemical among the broad categories identified, and does

19  not plead that Newco supplied the chemical *and* that it was the cause of her injuries (*id.* at

20  18).

21        A defendant may establish fraudulent joinder in one of two ways:  "(1) [A]ctual

22  fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

ORDER - 14

1  cause of action against the non-diverse party in state court." *Grancare, LLC*, 889 F.3d at

2  548-49 (quoting *Hunter*, 582 F.3d at 1044).  Boeing seeks to establish fraudulent joinder

3  in the second way, meaning Boeing must show that Newco "cannot be liable on any

4  theory." *Id.* (quoting *Ritchey*, 139 F.3d at 1318).  However, "if there is a *possibility* that a

5  state court would find that the complaint states a cause of action" against Newco, this

6  court "must find that the joinder was proper and remand the case to the state court." *Id.*

7  (quoting *Hunter*, 582 F.3d at 1046).  It is not sufficient for Boeing to establish that Ms.

8  Wahl fails to state a claim against Newco as understood under Rule 12(b)(6), but rather

9  that Ms. Wahl's claim against Newco "is wholly insubstantial and frivolous." *Id.* (citing

10  *Bell*, 327 U.S. at 682-83).

11         *a. Statute of Limitations*

12        The parties do not dispute that the Washington Product Liability Act ("WPLA")

13  provides the statute of limitations that applies to Ms. Wahl's claims against Newco.  (*See*

14  Resp. at 10-11; *see generally* Mot.; Reply); *see also* RCW 7.72.060(3) (providing that,

15  subject to certain tolling provisions, "no claim under this chapter may be brought more

16  than three years from the time the claimant discovered or in the exercise of due diligence

17  should have discovered the harm and its cause").[3]  With respect to minors, the three-year

18

19      [3] Ms. Wahl's claims against Newco are for negligence and breach of warranty.  (*See* KCSC FAC ¶¶ 98-107.)  The parties do not discuss or reference the applicable statutes of

20  limitations for Washington personal injury or warranty claims.  (*See generally* Mot.; Resp.; Reply); *see also* RCW 4.16.080(2) (providing a three-year statute of limitations for personal

21  injury claims); RCW 4.16.080(3) (providing a three-year statute of limitations for claims based on contracts not in writing); RCW 62A.2-725 (providing four-year statute of limitations for

22  contracts for sale and not in writing).  However, because these additional statutes of limitations provide a maximum four-year limitations period, the court's statute of limitations analysis as it

1    statute of limitations is "tolled until the victim reaches the age of majority, 18 years." *St.*

2    *Michelle v. Robinson*, 759 P.2d 467, 468 (Wash. Ct. App. 1988) (citing RCW

3    4.16.190(1)).  Ms. Wahl was born in 1990.  (KCSC FAC ¶ 8.)  She therefore turned 18

4    years old in 2008.  Boeing argues that the statute of limitations ran in 2011, several years

5    before Ms. Wahl filed her complaint in the King County Case.  (*See* Resp. at 11; KCSC

6    Compl. at 25.)  Ms. Wahl contends (1) that Boeing waived its statute of limitations

7    argument; and (2) that the statute of limitations is tolled because Ms. Ms. Wahl is

8    incompetent under RCW 4.16.190.

9                   i.   Whether Boeing Waived its Statute of Limitations Argument

10           In dismissing the Illinois Case on FNC grounds, the Cook County Superior Court

11   held:

12           Pursuant to Rule 187, if the plaintiffs re-file their cases in the Washington
             Superior Court within six months, Boeing shall: (a) accept service of process
13           from the relevant court in which each case is re-filed; and (b) waive any
             argument based on a statute of limitations defense.
14
15   (Ill. FNC Order at 28-29.)  "Rule 187" refers to Illinois Supreme Court Rule

16   187(c)(2)(ii), which in turn provides that "[d]ismissal of an action under the doctrine of

     *forum non conveniens* shall be upon the following conditions . . . (ii) if the statute of
17
     limitations has run in the other forum, the defendant shall waive that defense."
18
19           Ms. Wahl argues that the Cook County Superior Court ruling quoted above

     precludes Boeing from arguing that the WPLA's statute of limitations has run with
20
     *//*
21
     ──────────────
22   applies to Boeing's fraudulent joinder arguments would not change by considering these
     additional provisions.  Therefore, the court declines to consider them.

ORDER - 16

respect to Ms. Wahl's claims against Newco.  (*See* Mot. at 8.)  Boeing, in turn, relies on

the language of Rule 187 that states "the defendant shall waive that defense" to mean that

Boeing waived only *its own* statute of limitations *defense* against Ms. Wahl's claims, not

limitations-based arguments for fraudulent joinder based on Ms. Wahl's claims against

Newco—which was not a defendant in the Illinois Case.  (*See* Resp. at 11-13.)

    The parties' dispute presents an interesting question.  Rule 187's language favors

Boeing.  That rule speaks of waiving a statute of limitations defense, not a statute of

limitations argument to support an argument for fraudulent joinder.  However, although

the Illinois Case FNC-based dismissal order cites Rule 187, the order's language is

broader than that of the rule.  The order states that Boeing shall waive *any argument*

based on *a* statute of limitations defense.  (Ill. FNC Order at 28-29 (emphasis added).)

Because Boeing makes an argument (that Newco is fraudulently joined) based on a

statute of limitations defense—albeit Newco's—the plain language of the order precludes

Boeing's argument.  Although the language of the order and Rule 187 are in tension, this

court resolves that tension in favor of the plain language of the order.

        ii.  Whether Ms. Wahl is Judicially Estopped from Pleading Incompetency

        Even if the court considered Boeing's statute of limitations arguments, the court

would decline to invoke judicial estoppel to preclude Ms. Wahl from pleading

incompetency.  Boeing argues that Ms. Wahl waived her right to argue, or is judicially

estopped from arguing, that her incompetency tolls the statute of limitations as to her

claims against Newco.  (*See* Resp. at 13-16.)  Boeing contends that (1) Ms. Wahl "did not

plead or otherwise raise incompetency or disability" in the Illinois Case, "even though it

1    could have served as a basis for tolling the applicable statute of limitations" (*see id.* at

2    15); (2) Ms. Wahl's assertion of the discovery rule in the Illinois Case is "clearly

3    inconsistent" with her claim of incompetency (*see id.* at 16); and (3) Ms. Wahl seeks an

4    unfair advantage by litigating her case for almost two years, then raising incompetency

5    only when it may allow her to remain in her preferred forum, King County Superior

6    Court (*see id.*).

7          Boeing's judicial estoppel argument fails.  The standard for incompetency is

8    statutorily defined in the Revised Code of Washington:

9          For purposes of this chapter, a person may be incapacitated as to person when
          the superior court determines the individual has a significant risk of personal
10         harm based upon a demonstrated inability to adequately provide for nutrition,
          health, housing, or physical safety.

11   RCW 11.88.010(1)(a).  Boeing cites no authority under which invoking the discovery

12   rule against one party precludes invoking incompetency later against another party in a

13   separate action.  (*See generally* Resp.)  Further, Boeing makes no argument that Ms.

14   Wahl does not meet the statutory definition for incapacitation and provides no authority

15   that invoking incompetency is inconsistent with invoking the discovery rule.  (*See*

16   *generally id.*)  Indeed, the two do not appear wholly inconsistent:  It may be possible for

17   a party to discover facts that should put them on notice of the claims against a particular

18   party, but still be unable to "understand the nature of the proceedings" and pose "a

19   significant risk of personal harm based upon a demonstrated inability to adequately

20   provide for nutrition, health, housing, or physical safety."  *See* RCW 4.16.190(1); RCW

21   11.88.010(1)(a).

22

1     Therefore, the first judicial estoppel factor—whether Ms. Wahl's later position is

2   "clearly inconsistent" with her earlier position—weighs against invoking judicial

3   estoppel here.  *See New Hampshire*, 532 U.S. at 750-51 (citations omitted).  For similar

4   reasons, the second factor—whether the party succeeded in persuading a court to accept

5   the earlier position and the court's acceptance of the later position would lead to the

6   perception that the party misled either court—also weighs against invoking judicial

7   estoppel, because Boeing concedes that Ms. Wahl did not raise incompetency in the

8   Illinois Case, where Newco was not a defendant.  (*See* Resp. at 15.)  Given that the first

9   and second factors weigh strongly against invoking judicial estoppel, the court concludes

10   that it is unnecessary to consider the third judicial estoppel factor and declines to invoke

11   judicial estoppel here.

12         iii.  Whether the Statute of Limitations Prevents Ms. Wahl from Stating a
                 Viable Claim Against Newco

13        As stated above, Boeing waived its right to raise any statute of limitations-based

14   arguments.  However, even if the court considered Boeing's statute of limitations-based

15   arguments for the purpose of fraudulent joinder, they would fail.  The standard for

16   establishing fraudulent joinder is more stringent than the standard for prevailing on a

17   Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be

18   granted.  *Grancare, LLC*, 889 F.3d at 549.  Yet even under the more Boeing-friendly

19   Rule 12(b)(6) standard, "the applicability of equitable tolling depends on matters outside

20   the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if

21   equitable tolling is at issue."  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04

22

1   (9th Cir. 2006) (footnote added).  In such cases, the court may only grant the defendant's

2   motion "if the assertions of the complaint, read with the required liberality, would not

3   permit the plaintiff to prove that the statute was tolled."  *Conerly v. Westinghouse Elec.*

4   *Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d

5   677, 682 (9th Cir. 1980); *see also Anderson v. Teck Metals, Ltd.*, No. CV-13-420-LRS,

6   2015 WL 59100, at *2 (E.D. Wash. Jan. 5, 2015) ("A Rule 12(b)(6) challenge 'which

7   tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative

8   defense, such as the defense that the plaintiff's claim is timebarred,' except for the

9   'relatively rare circumstances where facts sufficient to rule on an affirmative defense are

10  alleged in the complaint.'") (quoting *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th

11  Cir. 2007)).  Thus, the court cannot dismiss the complaint unless "[t]he facts necessary to

12  determine the applicability of the discovery rule . . . clearly appear on the face of the

13  complaint."  *See Anderson*, 2015 WL 59100 at *2.

14      Boeing's argument that the running of the statute of limitations for Ms. Wahl's

15  claims against Newco requires a finding of fraudulent joinder does not succeed under the

16  stringent fraudulent joinder standard.  Ms. Wahl's operative complaint alleges that Ms.

17  Wahl is "an incapacitated adult who suffers from Agenesis of the Corpus Callosum,

18  vision problems, and developmental delay" and that "[d]ue to her disability, her parents

19  care for her and manage her daily life including her finances, nutrition, health, hygiene

20  and housing."  (*See* KCSC FAC ¶ 10.)  The complaint further alleges that "pursuant to

21  RCW 4.16.190 the applicable [s]tatute of [l]imitations in this action is tolled because

22  [Ms. Wahl] is 'incompetent or disabled to such a degree that she cannot understand the

1   nature of the proceedings.'"  (*See id.* ¶ 11.)  Under RCW 4.16.190, for a person who is

2   "incompetent or disabled to such a degree that he or she cannot understand the nature of

3   the proceedings, such incompetency or disability as determined according to []chapter

4   11.88 RCW . . . the time of such disability shall not be a part of the time limited for the

5   commencement of action."  RCW 4.16.190(1).

6        The effect of Ms. Wahl pleading incompetency is that it is at least "possible" that

7   she could prove that the statute of limitations was tolled as to her claims against Newco.

8   *See Conerly*, 623 F.2d at 119.  Therefore, the running of the statute of limitations does

9   not "clearly appear on the face of the complaint."  *See Anderson*, 2015 WL 59100 at *2.

10  Further, Ms. Wahl's positions in the Illinois case upon which Boeing relies to attack the

11  merits of Ms. Wahl's incompetency assertion are matters outside the four corners of the

12  complaint.  *See Conerly*, 623 F.2d at 119 (holding that the court may only dismiss an

13  action for failure to state a claim on statute of limitations grounds "if the assertions of the

14  complaint, read with the required liberality, would not permit the plaintiff to prove that

15  the statute was tolled").

16        Even if the court considered Ms. Wahl's positions in the Illinois Case, the

17  incompetency determination Boeing asks this court to make is a merits decision into

18  which the court declines to wade.  *See, e.g.*, *id.*  As discussed above, it is far from clear

19  that asserting the discovery rule against a defendant in one case is inconsistent with

20  asserting incompetency against a separate defendant in another case, and Boeing presents

21  no authority to that effect.  *See supra* § III.B.2.a.ii; (*see also generally* Resp.)  It is

22  sufficient for now that Ms. Wahl's incompetency argument is not "wholly insubstantial

1    and frivolous" and that there is at least a possibility that a Washington state court "would

2    find that the complaint states a cause of action" against Newco.  *See Grancare, LLC*, 889

3    F.3d at 548-49.  Therefore, unless Boeing's final argument regarding the viability of Ms.

4    Wahl's claims against Newco succeeds, the court "must find that the joinder was proper

5    and remand the case to the state court."  *Id.* (quoting *Hunter*, 582 F.3d at 1046).

6              *b.  Identification of Specific Chemicals and Newco's Role in the Complaint*

7              Separate and apart from Boeing's fraudulent joinder arguments based on the

8    statute of limitations, Boeing contends that Newco is fraudulently joined for the

9    independent reason that Ms. Wahl fails to plead any actionable claims against Newco.

10   (*See* Resp. at 16-20.)  Boeing identifies two purported deficiencies with Ms. Wahl's

11   claims against Newco:  (1) that Ms. Wahl fails to "specifically identify which workplace

12   chemicals" Mr. Wahl "might have encountered" (*see id*. at 18); and (2) Ms. Wahl's

13   complaint does not plead that Newco supplied any particular chemical among the broad

14   categories identified, let alone that Newco supplied the chemical *and* it was the cause of

15   her injuries (*see id.*).

16             The court evaluates Boeing's challenges to the sufficiency of Ms. Wahl's claims

17   against Newco under Washington State—not federal—pleading standards.  *See*

18   *Grancare, LLC*, 889 F.3d at 548-49 ("[I]f there is a *possibility* that a state court would

19   find that the complaint states a cause of action against any of the resident defendants, the

20   federal court must find that the joinder was proper and remand the case to the state

21   court.") (quoting *Hunter*, 582 F.3d at 1046).  Washington's pleading standards are more

22   relaxed than those set forth in the Federal Rules of Civil Procedure.  *See Pac. Nw.*

1   *Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 281 (Wash. 2006) ("Washington is

2   a notice pleading state and merely requires a simple, concise statement of the claim and

3   the relief sought.") (citing Wash. Super. Ct. Civ. R. 8).

4     The court concludes that it is possible that a Washington state court would find

5   that Ms. Wahl states a viable claim against Newco. *See Grancare, LLC*, 889 F.3d at

6   548-49. The court finds unpersuasive Boeing's assertion that Ms. Wahl's complaint

7   "does not even attempt to specifically identify which workplace chemicals Mr. Wahl

8   might have encountered" (Resp. at 18) and "does not allege that [Newco] supplied the

9   'relevant product'" that caused her injuries (*id.* (quoting RCW 7.72.010(3))). Ms. Wahl's

10   complaint specifically alleges that Mr. Wahl was exposed to six categories of chemicals

11   and lists the names of numerous chemicals within those six categories:

12    a. Paints, primers, corrosion inhibitors and the constituents contained
     therein, including: ethylene glycol ether, ethylene glycol ether acetate,
13     chromate a/k/a hexavalent chromium, propylene glycol ether,10-11
     Green Primer, LPS3 Corrosion Inhibitor, AV8 Corrosion Inhibitor;
14    b. Paint strippers and the constituents contained therein, including:
     methylene chloride and phenol;
15    c. Sealants and the constituents therein, including: lead-based sealants,
     Sealant 5-95, Sealant 5-45, and Sealant 5-26;
16    d. Lubricants and the constituents contained therein, including: Freon, LPS,
     Boelube, and cetyl alcohol;
17    e. Solvents and the constituents contained therein, including:
     trichloroethylene (TCE), ethylene glycol ethers, methylene chloride, 1-1-
18     1 trichloroethane, Freon, methyl ethyl ketone (MEK), methyl propyl
     ketone (MPK), phenol, naphtha, benzene, toluene, acetone, xylene, and
19     mineral spirits; and
    f. Other products and the constituents contained therein, including:
20     Isopropyl alcohol (IPA), Dienol, Corban 35, 1000 Body Joint.

21   (*See* KCSC FAC ¶¶ 15(a)-(f).) The complaint further alleges that Newco "supplied,

22   transported, formulated, re-formulated, mixed, sold and/or distributed some of the

1    aforementioned chemical and metal products and substances to [Boeing] and its

2    employees" and that Boeing "provided all of the aforementioned chemical products and

3    substances to David Wahl for use at the Boeing Facility." (*Id.* ¶¶ 17-18.)

4         These allegations are more than sufficient to meet Washington State's more

5    relaxed notice pleading standard. Ms. Wahl's complaint places Newco on notice of the

6    factual allegations against it—that it supplied chemicals to Boeing that injured Ms. Wahl

7    *in utero*. (*Id.* ¶¶ 17-18.) Further, it places Newco on notice of the legal theories against

8    it—negligence and breach of warranty. (*Id.* ¶¶ 98-107.) Further, if there was any doubt

9    whether Ms. Wahl's complaint meets Washington Superior Court Civil Rule 8(a)'s

10   pleading standard, that doubt would be resolved in favor of remand. *See Hawaii ex rel.*

11   *Louie*, 761 F.3d at 1034; *Gaus*, 980 F.2d at 566. Accordingly, Boeing does not meet its

12   "heavy burden" to establish fraudulent joinder by clear and convincing evidence. *See*

13   *Grancare, LLC*, 889 F.3d at 548-49.

14        For the reasons stated above, the court concludes that there is not complete

15   diversity because both Ms. Wahl and Newco are Washington citizens, and Newco is not

16   fraudulently joined. Therefore, this court lacks diversity jurisdiction under 28 U.S.C.

17   § 1332(a). Accordingly, the court GRANTS Ms. Wahl's motion to remand this case to

18   King County Superior Court.

19                              **IV.    CONCLUSION**

20        For the reasons set forth above, the court GRANTS Ms. Wahl's motion to remand

21   this case to King County Superior Court (Dkt. # 24). The court ORDERS that:

22   *//*

ORDER - 24

1.     Except for any potential motions for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County, Washington;

2.     The Clerk shall send copies of this order to all counsel of record for all parties;

3.     Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this order to the Clerk for the Superior Court for King County, Washington;

4.     Except for any briefs regarding attorneys' fees and costs, the parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

5.     The Clerk shall CLOSE this case.

Dated this 12th day of June, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 25